**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

---

| | |
|---|---|
| ANTHONY OLIVER, individually and on behalf of a class of similarly situated individuals, | Civil Action No. _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| YORK RISK SERVICES GROUP, INC. | Removed from the Circuit Court of Cook County, Illinois, No. 2018-ch-14581 |
| Defendant. | |

---

PLEASE TAKE NOTICE that defendant York Risk Services Group, Inc. ("York"), by and through its undersigned counsel, hereby removes the state court action captioned *Anthony Oliver v. York Risk Services Group, Inc.*, No. 2018-ch-14581, filed in the Circuit Court of Cook County, Illinois (the "State Court Action") to the United States District Court for the Northern District of Illinois. Removal is based upon 28 U.S.C. §§ 1331, 1441, and 1446. This Court has federal-question jurisdiction over this action under 28 U.S.C. § 1331. In filing this Notice of Removal, York does not waive, and expressly reserves, any and all rights, claims, and defenses it may have. In support of this Notice of Removal, York states as follows:

### REMOVED CASE

1. The State Court Action is a civil action filed in the Circuit Court of Cook County, Illinois, under Case No. 2018-ch-14581. On December 4, 2018, a Summons and Complaint was served on York. Copies of the Summons and Complaint are attached hereto as **Exhibit A**.

### REMOVAL IS TIMELY

2. A defendant has thirty days from service of the first pleading setting forth a removable claim to file a notice of removal in federal district court. *See* 28 U.S.C. § 1446(b)(1).

1

3. Plaintiff Anthony Oliver ("Mr. Oliver") commenced this action by filing a Summons and Complaint in the State Court Action on November 27, 2018.

4. York was served with the Summons and Complaint on December 4, 2018.

5. This Notice of Removal is filed within thirty days of the Summons and Complaint being served on the defendant and is therefore timely filed. *See* § 1446(b)(1).

## PAPERS FROM REMOVED CASE

6. In accordance with 28 U.S.C. § 1446(a), York attaches hereto true and correct copies of all process, pleadings, and orders served in the State Court Action as of the date of this Notice of Removal, as well as a docket sheet showing all documents filed to date. These documents are attached hereto as **Exhibit A**.

## GROUNDS FOR REMOVAL JURIDICTION AND VENUE

7. Removal from a state court to a district court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).

8. This Court has original jurisdiction over this action because the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. Mr. Oliver's claims arise out of alleged violations of the Telephone Consumer Protection Act ("TCPA"). The United States Supreme Court and the Seventh Circuit Court of Appeals have held that district courts have federal question jurisdiction over cases arising out of the TCPA. *Mims v. Arrow Financial Servs., LLC*, 565 U.S. 368, 372 (2012) ("We find no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have

possessed since 1875."); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) (affirming removal of TCPA claim under § 1441 because "the claim arises under federal law.").

10. Accordingly, this Court has original jurisdiction over the dispute between the parties in this action. *See* 28 U.S.C. § 1331.

11. The United States District Court for the Northern District of Illinois is the proper forum for removal because this case was filed in the Circuit Court of Cook County, Illinois. *See* 28 U.S.C. § 1441(a) (a civil action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

12. This action must therefore be removed to the United States District Court for the Northern District of Illinois.

## PROCEDURAL MATTERS

13. As required by 28 U.S.C. § 1446(d), the defendants will promptly file with the Circuit Court of Cook County, Illinois, a "Notice to Trial Court and Adverse Party of Removal to Federal Court" and will serve upon the plaintiff a true and correct copy of this Notice.

14. No previous application has been made for the relief requested herein.

## NON-WAIVER OF DEFENSES

15. York expressly reserves all of its defenses. By removing this action to this Court, York does not waive any rights or defenses available under federal or state law. York expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, and this Notice of Removal is not an Answer or other response to the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice

of Removal should be taken as an admission that the plaintiff's allegations are sufficient to state a claim or have any substantive merit, or that the courts of the State of Illinois or of the United States have jurisdiction over these claims or York.

Dated: January 3, 2018 By: */s/ James D. Roberts*

James D. Roberts (ARDC #6202460)
Attorney for Defendant
Chen Roberts Ltd.
33 N. Dearborn St. – Suite 1400
Chicago, IL 60602
(312) 782-4128
jroberts@chenrobertslaw.com

**Certificate of Service**

I, James D. Roberts, certify that a true copy of the foregoing document was sent by e-mail and first-class mail to all attorneys of record in this action.

Dated:  January 3, 2018                                         By:  */s/ James D. Roberts*
                                                                                James D. Roberts